CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 0 6 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DENNIS BARNES, <br> Plaintiffs, | ) <br> ) Civil Action No. 7:06CV00745 <br> ) |
| v. | ) **MEMORANDUM OPINION** <br> ) |
| LARRY HUFFMAN, et al., <br> Defendants. | ) By: Hon. Glen E. Conrad <br> ) United States District Judge |

Plaintiff, Dennis Barnes, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against Larry Huffman, A. David Robinson, Randy Fleenor, Sergeant Young and Institutional Investigator Still. This case is presently before the court on Barnes' motion for preliminary injunction. For the following reasons, plaintiff's motion will be denied.

### Background

Plaintiff is presently incarcerated at Wallens Ridge State Prison (hereinafter "WRSP"). On January 31, 2006, plaintiff submitted a petition to the Warden to complain about the quality of the food at WRSP. Plaintiff had this petition signed by thirty-seven (37) other inmates. According to plaintiff, he was terminated from his Department of Correctional Education (DCE) tutor job in retaliation for submitting this petition. Consequently, plaintiff filed a retaliation claim, a denial of due process claim, and denial of access to courts claim, each under §1983. Also, plaintiff has filed a deliberate indifference claim under §1983 based on the alleged "poor quality" food being served at WRSP.

In his present motion, filed on December 20, 2006, Barnes seeks an order directing defendants to transfer him "to his approved and recommended assignment of 'Brunswick Correctional Center'" and to "[p]rovide [him] with an 'A.M.A.' approved medical diet for persons with Type 2 Diabetes - Hypertension, and gastrointes[t]inal ailments." Plaintiff also seeks to enjoin defendants from "[p]lacing plaintiff in cells with deranged inmates with prior history of institutional violence."

## Discussion

A preliminary injunction is considered "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied 'only in [the] limited circumstances' which clearly demand it." Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1992) (quoting Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989)). In deciding whether to grant a preliminary injunction, courts must normally consider four factors: (1) the likelihood of irreparable harm to the plaintiff if injunctive relief is not granted; (2) the likelihood of harm to the defendants if injunctive relief is granted; (3) the plaintiff's likelihood of succeeding on the merits of the action; and (4) the public interest. Hughes Network Systems, Inc. v. InterDigital Communications Corp., 17 F.3d 691, 693 (4th Cir. 1994); Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 195-96 (4th Cir. 1977). Plaintiff bears the burden of establishing that these factors support granting a preliminary injunction. Direx Israel, Ltd., 952 F.2d at 812. The likelihood of irreparable harm to the plaintiff is one of the most important factors. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991). Without a showing that the plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Id. at 360; Direx Israel, Ltd, 952 F.2d at 812.

Having reviewed Barnes' allegations, the court concludes that his motion for a preliminary injunction must be denied. While Barnes may believe that he would receive better medical care at Brunswick Correctional Center, he has failed to establish that he will suffer imminent, irreparable harm if he remains at WRSP. The thrust of Barnes' argument for preliminary injunction is that WRSP cannot meet his needs as a diabetic. However, in an "Inmate Request for Information" (submitted as "Exhibit H" to plaintiff's complaint), Barnes writes to Warden Robinson: "I would like to thank you for the

2

improvement in the food[,]" and "I thank you for your time and improvement in our meals." The fact that Barnes thanked Warden Robinson for improvements in the food illustrates that (1) plaintiff is not likely to suffer imminent, irreparable harm if he remains at WRSP; and (2) plaintiff is not likely to succeed on the merits of his deliberate indifference claim. Additionally, Barnes has no constitutional right to be incarcerated at a particular facility, and prison officials have broad discretion to determine the facility at which an inmate should be housed. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976); Waters v. Bass, 304 F. Supp. 2d 802, 805 (E.D. Va. 2004). Furthermore, with respect to plaintiff's request not to be placed in cells with inmates who have a history of violence, plaintiff has not offered any facts to illustrate that he is in imminent danger or will suffer irreparable harm at the hands of other inmates.

Therefore, because Barnes has not demonstrated the type of "extraordinary circumstances," that would permit the court to "substitute [its] own judgment for that of the trained penological authorities charged with the administration of [state] facilities," Taylor v. Freeman, 34 F.3d 266, 268 (4th Cir. 1994), his motion for a preliminary injunction must be denied.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to Barnes and counsel of record for the defendants.

ENTER: This _____ day of March, 2007.

_____
United States District Judge

3